UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
SUNSTAR VENDING, INC.

                Plaintiff,

  -against-

GET AIR MANAGEMENT, INC.,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:21-05042-FB-RER

*Appearances:*
*For the Plaintiff*:
BRENT MERRILL DAVIS
Marks & Klein, LLP
331 Newman Springs Rd., Bldg. 1
4th Floor, Suite 143
Red Bank, New Jersey 07701

*For the Defendant*:
SCOTT P. TAYLOR
LESLIE LUKE
Rosenbaum & Taylor, P.C.
7-11 South Broadway, Suite 401
White Plains, New York 10601

**BLOCK, Senior District Judge:**

    Defendant Get Air Management, Inc., has moved for dismissal pursuant to Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure. For the reasons that follow, that motion is DENIED.

1

I.

The following facts are taken from the complaint. For present purposes, the Court accepts them as true and draws all reasonable inferences in favor of the plaintiff. *See*, *e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019).

Sunstar is a vendor that provides photo booths, video games, air hockey tables, and other recreational machines to its customers. Compl. at ¶ 2. Get Air operates family entertainment facilities throughout the United States. *Id.* at ¶ 3. On or about May 10, 2016, Sunstar and Get Air executed a "Standard Corporate Agreement" (the "Agreement") providing that, *inter alia*, Sunstar would be the exclusive vendor supplying various recreational machines to Get Air. *Id.* at ¶ 4. Notwithstanding the Agreement, Get Air contracted with other vendors to acquire such machines, and wrongfully terminated its relationship with Sunstar. *Id.* at ¶ 6.

II.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing

*Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Sunstar has met this standard: It has pleaded the existence of a contract, specific factual allegations regarding the breach of that contract and its damages stemming therefrom. It is not the purpose of a motion to dismiss to test the veracity of those factual allegations.

Get Air argues that the contract did not name the correct corporate party and was not signed by a signatory with the power to bind Get Air. Sunstar responds that the parties intended the contract to govern and that any mistakes made with respect to the parties named is a mutual mistake. This is a factual dispute, and a motion to dismiss pursuant to Rule 12(b)(6) is not the appropriate time at which to decide it.

Rule 41(b) provides that a Complaint is dismissable if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b). Rule 41(b) is used to levy a severe sanction of dismissal where, *inter alia*, a plaintiff's non-prosecution is likely to prejudice the defendant, where a plaintiff has been previously warned about the possibility of dismissal, and where the court has determined that lesser sanctions are inadequate. *See United States ex. Rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004).

Get Air claims that because the Complaint is substantively untrue, it is in violation of Rule 11, and therefore invokes dismissal under Rule 41(b). Put simply, it does not work that way. Get Air has not made even the slightest attempt to demonstrate that sanctions under Rule 41 are appropriate in light of the analysis in *Norden Systems*. Rule 41(b) is not an end-run around Rule 12(b)(6)'s factual standard. Stating, as Get Air has, that a Complaint is not factually true is insufficient for dismissal under Rule 12(b)(6). Allowing a party to dismiss a suit using only the same statement under Rule 40(b) would render Rule 12(b)(6) a nullity, and Get Air has provided no authority supporting this result.

Accordingly, the defendants' motion to dismiss all counts is DENIED.

**SO ORDERED.**

                                                            /S/ Frederic Block
                                                            FREDERIC BLOCK
                                                            Senior United States District Judge

Brooklyn, New York
November 22, 2021